JAMES BONNELL, *Appellant, Defendant,*

*vs.*

CLARENCE SHEPARD, *Appellee, Complainant.*

APPEAL IN EQUITY FROM MILWAUKEE CIRCUIT COURT.

The rules of the Circuit Courts prescribing no mode of practice under section 30, of chapter 84 of the Revised Statutes, it would be a harsh and rigorous practice to dismiss the complainant's bill for not answering the interrogatories when the complainant has answered all except such as he deemed impertinent, and has excepted to such before the commissioner, at the time of answering.

The better practice would be for the complainant to file his exceptions, if any he have, before answering any, and before the time for answering is fixed by the court.

In the absence of any settled rule of practice upon the subject matter of this section of the statute, the complainant's bill will not be dismissed because of a failure to answer one or more of the defendant's interrogatories, to which he has excepted before the commissioner at the time of answering the others.

The bill in this cause was filed for a dissolution of co-partnership between the parties, and for an account, on the 24th day of January, 1853. The answer of the defendant, Bonnell, having been filed, he, the defendant, in pursuance of the statute, submitted and filed interrogatories for the complainant to answer, most of which were answered, but some of which the complainant refused to answer, under the advice of his counsel, on the ground that the same were impertinent, until the further order of the court; but no exceptions had been taken to the interrogatories at the time they were filed.

The complainant's answers to the interrogatories were taken before a court commissioner, as were also his exceptions to those interrogatories which were not answered.

Dec. Term
1853.

Bonnell
vs.
Shepard.

On the coming in of the complainant's answers, the defendant's counsel moved to dismiss the bill of the said complainant, for the reason that he had not answered all of the interrogatories propounded by the defendant, and that he had not been excused from answering the same, or any of them, by any order of the court in that behalf made. The court overruled the motion, and from such order the defendant appealed.

*W. P. Lynde*, for appellant, contended that under and by virtue of chapter 84, sec. 30, of the Revised Statutes, the defendant was entitled to exhibit interrogatories to the complainant to be answered by him upon oath, and that if the complainant should fail to answer all of such interrogatories within the time appointed by the court, the bill should be dismissed.

That if any of the interrogatories so exhibited should be objectionable in form and substance, the complainant should file exceptions thereto, and obtain the judgment of the court thereon. That failing to do so, he must be deemed to have waived any exception which he might have taken to any of the interrogatories, and was therefore bound to answer them all.

That having failed to answer all of the interrogatories exhibited, the complainant should be deemed in contempt, and the defendant had a right to have the bill dismissed. *Rev. Stat., chap.* 84, *sec.* 30.

*J. Downer, contra,* insisted that the complainant was not bound to except to the interrogatories exhibited by the defendant at the time of filing the same, but that such exception might be taken before the master, or commissioner, at the time of answering the same ;

and that upon the coming in of the report of the master, such exceptions might be determined by the court; but that the complainant ought not to be deemed in contempt until he had neglected or refused to answer the interrogatories, after having been settled by the court.

*By the Court*, WHITON, C. J.   The order appealed from in this case, was the denial of a motion to dismiss the complainant's bill of complaint.   It appears that after the answer of the defendant was filed, the defendant exhibited interrogatories to the complainant, to be answered by him upon oath, pursuant to the Revised Statutes.   (*Rev. Stat.*, chap. 84, sec. 30.) Those interrogatories were in part answered as the statute prescribes; but a portion of them were excepted to as impertinent; the complainant declining to answer, under the advice of counsel, until the exception should be decided by the court.

One of the interrogatories he answers by saying that he makes the same answer to it that he has made to a previous one.

The failure to answer all the interrogatories within the time appointed by the court, the appellant claims, entitles him to have the bill of complaint dismissed, as the statute prescribes.

The section of the Revised Statutes in question, is in these words: "The defendant in chancery, after he shall have filed his answer, may exhibit interrogatories to the complainant, which shall be answered by him upon oath; and if the complainant shall not answer such interrogatories within the time appointed by the court, he shall be in contempt, and his bill shall be dismissed with costs."

DEC. TERM
1853.

Bonnell
vs.
Shepard.

The rules of the Circuit Courts prescribe no mode of practice under this statute ; and we think that, in the absence of any rule, it would be harsh and rigorous practice to dismiss the complainant's bill for not answering the interrogatories, when, as in this case, the complainant has answered all of them, except such as he deemed impertinent, and has excepted to those. It would perhaps have been more in analogy to the rules of chancery practice, to have excepted to such of the interrogatories as were deemed impertinent, before answering any of them, and before the time was fixed by the court for answering. In such a case the exceptions could have been heard, and the interrogatories settled, before any of them had been answered. But in the absence of any rule or any settled practice, we are not prepared to say that the course pursued by the complainant in this case, should be followed by the serious consequences prescribed by the statute for a failure to answer. The order of the Circuit Court must therefore be affirmed.